UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C. SCOTT GROUT.,<br>                Plaintiff,<br><br>    v.<br><br>MASON COUNTY, et al.,<br><br>                Defendants. | No. C05- 5022RBL<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART, DENYING IN PART AND CONTINUING IN PART |

This matter is before the Court on Defendants' Motion for Summary Judgment [Dkt. #10] as to any and all claims stated in the Plaintiff's Complaint, and Plaintiff's Cross Motion for Partial Continuance of Summary Judgment [Dkt. #13] (rule 56(f) motion). The Court has considered all pleadings filed in support and opposition of these Motions and the remainder of the file herein.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of a traffic stop which occurred on February 19, 2002, at 12:05 am. At that time, the plaintiff, while driving a pick-up truck with a passenger in the front seat, was stopped by Mason County Sheriff's Deputy, Travis Adams. The plaintiff alleges Deputy Adams followed him for approximately ten minutes prior to initiating the stop. Deputy Adams and the plaintiff have an acrimonious history relating to a previous traffic stop over which the plaintiff filed a complaint with Deputy Adams' supervisor.

Immediately prior to being stopped on February 19, 2002, the plaintiff was informed by his

ORDER

passenger that the passenger had a warrant out for his arrest. Upon stopping the plaintiff, Deputy Adams asked for and verified the identity of the passenger. At that time, Deputy Adams learned of the outstanding felony warrant for the passenger and radioed for assistance. Two additional Mason County Sheriff's Deputies arrived and the arrest occurred without resistance or incident. Following this, Deputy Adams asked the plaintiff for permission to search his vehicle. The plaintiff alleges that he refused this permission. The plaintiff also alleges that, following his refusal to voluntarily permit a search of his truck, he was instructed by Deputy Adams to exit the vehicle. The plaintiff states that he complied with this instruction, but he also states that he verbally protested the "rightness" of being asked to comply. The officers, including Deputy Adams, proceeded to search the plaintiff's truck.

The search that followed was thorough. It included a search of the front and back seat area of the passenger compartment, the glove box, the cargo bed of the truck, and some sealed rubber maid containers that were being carried in the truck's open cargo bed. The plaintiff states that the rubber maid containers were unsealed and searched after he informed the searching officer of their contents. During the course of the search, the plaintiff was standing outside near the rear of the truck. The plaintiff does not believe he was told that he was required to remain at the scene while the search was conducted. However, the plaintiff states that the circumstances surrounding the stop, including the search and a contemporaneous physical encounter with the deputies, gave him the impression he was not free to leave. Throughout the course of the search, the plaintiff alleges that he continued to verbally object to the search.

While the search proceeded, the plaintiff placed his hands in his jacket pockets. He was told not to do this by one of the deputies. Later, when the plaintiff again placed his hands in his jacket pockets, the plaintiff alleges that his wrist was grabbed by one of the deputies. The plaintiff allegedly responded by trying to jerk his hand free from the deputy's grasp. This allegedly resulted in another deputy grabbing him by the shoulder in what the plaintiff describes as a "Spock move." The plaintiff alleges that the shoulder grab resulted in his whole left side going numb at the time.

Both parties essentially agree with the substance of the above facts. However, the parties differ with regard to the facts underlying Deputy Adams justification for the initial traffic stop on February 19, 2002. The defendants claim the stop resulted from an inability to "read the [plaintiff's] license plate clearly." Specifically, Deputy Adams states that his reason for stopping the plaintiff was that "[t]he rear license plate on Mr. Grout's [the plaintiff's] truck was obstructed and I could not read it. Conversely, the

ORDER

plaintiff asserts that his license plate was clearly visible. In support, he offers that it is his business custom to check "all vehicles," before they leave the shop to "make sure the turn signals work, brake lights work, back up lights...[work, and] to make sure the vehicle is in good working, legal functioning order." He also offers a radio call from Deputy Adams as evidence that his license plate was capable of being read. The radio call offered by the plaintiff allegedly shows that Deputy Adams radioed the plaintiff's license plate number to dispatch prior to executing the traffic stop of the plaintiff.

On these grounds, the plaintiff sued, alleging that the initial traffic stop and all actions that followed as relates to him were a violation of his federal constitutional right to be free from unreasonable search and seizure, and violated his rights under Washington state law. The plaintiff named the deputies involved with the actual stop and/or search, the Mason County Sheriff's Department, and Mason County as defendants under both his federal constitutional and state law claims. On motion for summary judgment, the defendants assert that the record fails to show any genuine issue of material fact concerning the plaintiff's federal claims, and that the plaintiff's state law claims exceed the statute of limitations.

The plaintiff seeks continuance of summary judgment to conduct additional discovery. He expects that additional discovery relating to the radio log, personal knowledge of defendants, and departmental policies and practices will result in material facts relevant to his federal claims against Mason County, the Mason County Sheriff's Department, and Deputies Dugan and Reed. The defendants oppose continuance for defendants other than Deputy Adams. They argue the plaintiff has failed to provide a basis for requesting additional discovery, and failed to timely file for continuance under local rule 7(d)(3). They also assert that the plaintiff has not submitted an affidavit stating why he is unable to present facts essential to justify his opposition, has not diligently engaged in "any" discovery, nor shown that additional discovery will preclude summary judgment for defendants other than Deputy Adams.

## ANALYSIS

**A) Summary Judgment Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317,

ORDER

324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B) Plaintiff's Federal Constitutional Claims Against Deputy Travis Adams Alleging Unreasonable Search and Seizure and Denial of Due Process.

Deputy Adams asserts, without giving a specific reason, that he could not read the plaintiff's license plate as justification for the initial traffic stop. The plaintiff alleges that Deputy Adams was able to read his license plate, and that Deputy Adams claim to the contrary is a mere contrivance created to justify the stop. He offers proof of this allegation in an affidavit that details his customary business practice of verifying his vehicle is legal in all respects, combined with a radio dispatch log which allegedly shows Deputy Adams radioed in the plaintiff's license plate number immediately prior to initiating the traffic stop. As such, a genuine issue of material exists.

Probable cause is a constitutional requirement for the type of traffic stop at issue in this case. It is reasonable to expect Deputy Adams was aware of this requirement. It is also possible that a reasonable jury viewing the material facts in a light most favorable to the plaintiff would conclude that Deputy Adams lacked probable cause for the initial traffic stop. As such, Deputy Adams does not enjoy qualified immunity. Therefore, summary judgment is denied on plaintiff's federal constitutional claims against defendant Deputy Travis Adams.

### C) Plaintiff's State Law Claims of Assault and False Imprisonment

The plaintiff's complaint alleges assault and false imprisonment under state law, arising out of the same incident as the plaintiff's constitutional claims. The statute of limitations for the state law claims raised by the plaintiff is two years from the date of injury. RCW 4.16.100. In this case the injuries are alleged to have occurred on February 19, 2002. The plaintiff does not contend, and the record does not suggest, he was unaware of these injuries at that time, but he did not file a complaint alleging these injuries until January 11, 2005. As such, the state law claims are barred by the statute of limitations. Therefore, summary judgment is granted in favor of the defendants on the plaintiff's state law claims.

ORDER

**D) Rule 56(f) Motion Continuing Summary Judgment on Federal Claims for Defendants Other than Deputy Adams.**

The defendants' opposition to continuance has two primary bases. The first is the plaintiff's untimely filing of the rule 56(f) motion. The Court recognizes that the plaintiff's continuance motion has not met the requirements of local rule 7(d)(3). Given the date of filing, under the rule, the plaintiff's motion should have been noted for consideration July 1, 2005. This would have rendered the motion moot, as the defendant's motion for summary judgment was noted for June 17, 2005. However, the Court does not find that this failure should be dispositive in denying the plaintiff's rule 56(f) motion. Rather, the Court considers the plaintiff's motion in light of whether a continuance might reasonably lead to discovery of material facts relevant to the Court's determination of summary judgment in this action, or if a continuance would serve to unduly prejudice the defendants in this case.

The case is set for trial on April 17, 2006 with discovery scheduled to be completed no latter than December 12, 2005. Also, the defendants have not opposed continuance of summary judgment as relates to defendant Deputy Adams, and the defendants in this case are closely related. Given the above consdierations, and as the defendants do not raise the issue of prejudice themselves, the Court concludes that continuing summary judgment would not unduly prejudice to the defendants. Next, the Court considers whether further discovery might reasonably lead to additional material facts.

The plaintiff lists several areas in which he believes additional discovery will lead to material facts relevant to summary judgment. Among these are gaps contained in the radio log for the span of time giving rise to this action, the personal knowledge of Deputies Dugan and Reed about the traffic stop and the then existing relationship between the plaintiff and Deputy Adams, as well as departmental training materials and related policies regarding warrantless stop and searches as well as related departmental policies. Weighing against the plaintiff is his lax pursuit of discovery to this point. There is substantial merit in the defendants' argument that the plaintiff has lacked fortitude in pursing discovery. Nevertheless, it is on the merits of the material facts and not counsel's failings that the Court decides issues of summary judgment when possible. Given the close professional relationship between the defendants and the central role that the initial traffic stop has to the subsequent search of the plaintiff's vehicle, the additional discovery proposed by the plaintiff might reasonably result in material facts which bear on the just adjudication of this action. Accordingly, it is hereby

ORDER

1. ORDERED that the Defendants' Motion for Summary Judgment [Dkt. #10] is GRANTED as relates to Plaintiff's state law claims;

2. ORDERED that the Defendants' Motion for Summary Judgment [Dkt. #10] is DENIED as relates to Defendant Travis Adams; and

3. ORDERED that the Plaintiff's Motion to Continue [Dkt. #13] the remainder of Plaintiff's Motion for Summary Judgment [Dkt. # 10] is GRANTED and the motion shall be RE-NOTED for August 19, 2005 as it relates to Plaintiff's federal constitutional claims against Mason County, the Mason County Sheriff's Department and Deputies Duane Dugan and William Reed.

DATED this 28th day of June, 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER